RENDERED: JUNE 30, 2023; 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0424-MR

JASON STEVENSON, JR.                                          APPELLANT


                    APPEAL FROM MORGAN CIRCUIT COURT
v.                  HONORABLE REBECCA K. PHILLIPS, JUDGE
                    ACTION NO. 19-CI-00190



DAVID GREEN AND KENTUCKY
DEPARTMENT OF CORRECTIONS                                     APPELLEES



                              OPINION
                             AFFIRMING

                          ** ** ** ** **

BEFORE:  ECKERLE, KAREM, AND McNEILL, JUDGES.

McNEILL, JUDGE:  This is an appeal from the Morgan Circuit Court's order

dismissing Appellant's Petition for Declaration of Rights, arising from a prison

violation.  Appellees are the Kentucky Department of Correction (DOC), and

David Green, in his official capacity as Warden of Eastern Kentucky Correctional

Complex (EKCC).  Appellant Stevenson is a *pro se* inmate who alleges that his

due process rights were violated in connection with a disciplinary action charging

him with inciting to riot or rioting, while he was housed at Green River Correctional Complex (GRCC). The underlying incident occurred on March 15, 2019, during which Stevenson was involved in a multiple inmate disturbance resulting in damage to prison property. The resulting disciplinary report was investigated by Lieutenant Walter Elam.

After a hearing on the matter, Adjustment Officer (AO), Michael Prater, found Stevenson guilty on the charge presented. AO Prater concluded that Stevenson did not leave the scene of the incident when given that option. His report cited video and photographic evidence in support. The penalty imposed was thirty days in restrictive housing with credit for time served, a loss of 720 days of non-restorable good-time credit, and $1,295.47 in restitution. Stevenson appealed to Warden Green, who affirmed the decision and punishment. Stevenson petitioned the Morgan Circuit Court for a declaration of rights pursuant to KRS[1] 418.040. Appellees filed a motion to dismiss, which was granted. Stevenson appeals to this Court as a matter of right. For the following reasons, we affirm.

"A petition for declaratory judgment pursuant to KRS 418.040 has become the vehicle, whenever Habeas Corpus proceedings are inappropriate, whereby inmates may seek review of their disputes with the Corrections Department." *Smith v. O'Dea*, 939 S.W.2d 353, 355 (Ky. App. 1997) (citation

---

[1] Kentucky Revised Statutes.

omitted).  Although the Appellees filed a motion to dismiss in response to

Stevenson's petition, rather than a motion for summary judgment, this Court has

held that summary judgment standards and procedures are most appropriate in

these cases.  *See id.*, at n.1.  Furthermore, *Smith* details the applicable standard for

addressing prison disciplinary actions as follows:

> [w]here, as here, principles of administrative law and
> appellate procedure bear upon the court's decision, the
> usual summary judgment analysis must be qualified.  The
> problem is to reconcile the requirement under the general
> summary judgment standard to view as favorably to the
> non-moving party as is reasonably possible the facts and
> any inferences drawn therefrom, with a reviewing court's
> duty to acknowledge an agency's discretionary authority,
> its expertise, and its superior access to evidence.  In these
> circumstances we believe summary judgment for the
> Corrections Department is proper if and only if the
> inmate's petition and any supporting materials, construed
> in light of the entire agency record (including, if
> submitted, administrators' affidavits describing the
> context of their acts or decisions), does not raise specific,
> genuine issues of material fact sufficient to overcome the
> presumption of agency propriety, and the Department is
> entitled to judgment as a matter of law.

*Id*. at 356.  The ultimate question before us is "whether 'some evidence' appearing

in the record supports the finding."  *Id*.

In the present case, Stevenson does not raise any specific, genuine

issues of material fact sufficient to overcome the presumption of agency propriety.

His due process claim lacks specificity and he has not filed a reply brief countering

the DOC's statement of the underlying facts.  Having reviewed the relevant

-3-

portions of the record presented, the "some evidence" standard has been satisfied here. We discern no due process violation. Accordingly, Appellees are entitled to judgment as a matter of law. The judgment of the Morgan Circuit Court is affirmed.

ALL CONCUR.


BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEES:

Jason Stevenson, Jr., *pro se*                Richard D. Lilly
Burgin, Kentucky                              Frankfort, Kentucky